ALD-190                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1315
_____

UNITED STATES OF AMERICA

v.

CHRISTOPHER DEGRANGE,
                                                              Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. Action No. 2-10-cr-00315-001)
District Judge:  Honorable Michael M. Baylson

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 16, 2019
Before:  MCKEE, SHWARTZ, and BIBAS, Circuit Judges

(Opinion filed: June 26, 2019)
_____

OPINION[*]
_____

PER CURIAM

        Christopher DeGrange appeals from the District Court's denial of a motion that he

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

captioned as a "motion for judicial notice pursuant to Rule 201" of the Federal Rules of Evidence. We will affirm.

In 2010, DeGrange pleaded guilty to distribution of child pornography and the District Court sentenced him to 188 months in prison. As part of his plea, DeGrange waived the right to file a direct appeal except in limited circumstances and waived the right to collaterally challenge his sentence, including under 28 U.S.C. § 2255. DeGrange nevertheless appealed, but we granted the Government's motion to enforce the appellate waiver and summarily affirmed. (C.A. No. 10-4796, July 22, 2011.) DeGrange later filed a § 2255 motion, but the District Court enforced DeGrange's § 2255 waiver as well and we denied DeGrange's request for a certificate of appealability. (C.A. No. 13-2466, July 24, 2013.)

Over five years later, DeGrange filed the motion at issue here. As noted above, he captioned it as one for "judicial notice" under Fed. R. Evid. 201. DeGrange asserted that his prosecuting Assistant United States Attorney perpetrated a fraud on the court, and thereby deprived the District Court of subject matter jurisdiction, because he was not validly appointed under the Appointments Clause of the Constitution.

DeGrange specified, however, that he did not want the District Court to construe his motion as another § 2255 motion, a habeas petition under 28 U.S.C. § 2241, or a motion under Fed. R. Civ. P. 60(b). He also did not directly challenge his sentence or request release from prison. Instead, he requested that the District Court "ensure" that it possessed and still possesses subject matter jurisdiction by compelling the United States

2

Attorney's Office to "be in compliance" with the Appointments Clause. The District Court denied the motion, and DeGrange appeals.[1]

We will affirm because DeGrange's motion, however construed, asserted no conceivable basis for relief. We decline to construe his motion as a challenge to his conviction and sentence for the reasons summarized above (and we note that, even if we were to construe it as such a challenge, it would face likely dispositive procedural barriers of which DeGrange appears well aware). We also need not decide whether there is any other procedural mechanism for DeGrange to raise this claim because his assertions are wholly conclusory.

DeGrange does not explain why he believes that his prosecuting AUSA was not validly appointed or provide any basis to question that appointment. DeGrange cites several court decisions, but they either are inapposite or actually undermine his claim.[2] Thus, DeGrange has shown no basis to conclude that he potentially is entitled to any relief. For this reason, we need not decide whether Appointments Clause issues

---

[1] The Clerk listed this appeal for possible summary action and provided DeGrange with an opportunity to file a response. DeGrange requested and obtained an extension to file a response by March 22, 2019, but he has not filed one.

[2] DeGrange relies, for example, on Lucia v. SEC, 138 S. Ct. 2044, 2055 (2018), in which the Court held that SEC Administrative Law Judges are subject to the Appointments Clause. That decision does not address United States Attorneys or provide any reason to believe that DeGrange's prosecuting AUSA was not validly appointed. DeGrange also relies on allegations raised by a pro se litigant in the Northern District of Texas, who also filed a "petition for judicial notice." United States v. Hunter, 744 F. App'x 876, 876 (5th Cir. 2018) (per curiam). Those allegations culminated in the dismissal of that litigant's claims as frivolous, which the Fifth Circuit affirmed. See id. at 877. We do not rely on that non-precedential opinion except to note that it does not support DeGrange's cause.

3

regarding United States Attorneys are jurisdictional as DeGrange asserts or whether, as some courts have held, they are non-jurisdictional defects that are waived if not raised by pretrial motion.  See, e.g., United States v. Suescun, 237 F.3d 1284, 1287-88 (11th Cir. 2001); United States v. Colon-Munoz, 192 F.3d 210, 217 (1st Cir. 1999).

Finally, in his notice of appeal, DeGrange argues that the District Judge displayed partiality by not addressing DeGrange's constitutional issues.  There was no reason for the District Court to do so for the reasons explained above, and DeGrange has not otherwise shown any basis for relief in this regard.

For these reasons, we will affirm the judgment of the District Court.

4